IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMI WERT, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | No.: |
| v. | : | |
| | : | |
| PHILLIPS FEED SERVICE, INC., d/b/a | : | |
| PHILLIPS PET FOOD AND SUPPLIES, | : | |
| and RENEÉ DANIELS, | : | |
|     Defendants. | : | JURY TRIAL DEMANDED |

## COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for an award of damages, declaratory and injunctive relief, attorneys' fees and other relief on behalf of Plaintiff, Tami Wert (hereinafter "Plaintiff"). Plaintiff was an employee of Phillips Feed Service, Inc., d/b/a Phillips Pet Food and Supplies (hereinafter "Phillips") in Easton, Pennsylvania, who has been harmed by disability-based discrimination and retaliatory practices, as well as other improper conduct by Phillips.

This action is brought under the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.*; the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*; and the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq.*

### II. JURISDICTION AND VENUE

1. The jurisdiction and venue of this Court is invoked in this District pursuant to 28 U.S.C. § 1331 as arising under the laws of the United States, and in particular the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et seq.* and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

2. The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §

1367, to consider Plaintiff's claim arising under the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq.*

3. Venue is proper in the Eastern District of Pennsylvania as some or all of the events complained of herein occurred in Northampton County, Pennsylvania.

4. All conditions precedent to the institution of this suit have been fulfilled.

5. Plaintiff has invoked the procedure set forth in the ADA. On or about May 20, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was jointly filed with the Pennsylvania Human Relations Commission ("PHRC"), against Phillips alleging, inter alia, disability-based employment discrimination and retaliation. On February 25, 2020, a Notice of Right to Sue was issued by the EEOC.

6. This action has been filed within ninety (90) days of receipt of said Notice.

7. As to the FMLA claim, this action has been filed within two (2) years of the last violation of the FMLA.

8. More than one year has elapsed since the filing of Plaintiff's Complaint with the PHRC.

### III. PARTIES

9. Plaintiff is a female citizen and resident of the Commonwealth of Pennsylvania. Plaintiff at all times relevant herein was employed by Phillips.

10. At all times relevant herein, Plaintiff was an "employee" as defined by the ADA, 42 U.S.C. § 12111(4), and is subject to the provisions of this Act.

11. At all times relevant herein, Plaintiff was a "person" as defined the ADA, 42 U.S.C. §

12111(7), and is subject to the provisions of said Act.

12. At all times relevant herein, Plaintiff was "disabled" as defined by the ADA, 42 U.S.C. § 12102(1), and is subject to the provisions of said Act.

13. At all times relevant herein, Plaintiff was a "qualified individual" as defined by the ADA, 42 U.S.C. § 12111(8), and is subject to the provisions of said Act.

14. Phillips is a Pennsylvania corporation with a place of business at 3747 Hecktown Road in Easton, Pennsylvania.

15. At all times relevant herein, Phillips was an "employer" as defined by the ADA, 42 U.S.C. § 12111(5), and is subject to the provisions of said Act.

16. At all times relevant herein, Phillips was a "person" as defined by the ADA, 42 U.S.C. § 12111(7), and is subject to the provisions of said Act.

17. At all times relevant hereto, Reneé Daniels ("Daniels"), was Vice President, Human Resources, and Plaintiff's supervisor. At all times relevant hereto, Daniels was an agent, servant, workman and/or employee of Phillips, acting and or failing to act within the scope, course and authority of her employment and her employer, Phillips. At all times relevant, Daniels was acting in her supervisory and personal capacity.

18. At all times relevant hereto, Phillips acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

19. Phillips has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and has heard allegations from Plaintiff of disability-based harassment, disability-based discrimination, and retaliation.

20. At all relevant times herein, Phillips knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

21. At all times material hereto, Phillips employed more than fifteen employees.

22. At all times material hereto, Phillips employed more than fifty employees within a seventy-five mile radius.

IV. **CAUSES OF ACTION**

23. Plaintiff was hired by Phillips on or about November 12, 2012 as the Human Resources Manager.

24. At all times relevant hereto, Plaintiff was qualified for her position and performed her job duties in a proper and competent manner.

25. In fact, in or around September 2014, Plaintiff was promoted to Director of Human Resources.

26. At all times relevant hereto, Plaintiff's supervisors, were Daniels and Todd Shelton (CEO).

27. Daniels became Plaintiff's supervisor in or around February 2017.

28. In or around August 2017, Plaintiff was diagnosed with a medical condition that is a disability as that term is defined by the ADA, as amended by the ADAAA, because it substantially limits one or more major life activities. Specifically, Plaintiff's condition is episodic, and when active, impacts one or more major life activities, including standing, walking, seeing, hearing, sitting, concentrating, and maintaining balance.

29. Plaintiff was able to perform all of the essential functions of her position with or

without accommodation.

30. Phillips was on specific notice of Plaintiff's condition as Plaintiff took FMLA/ADA leave in September and October 2017, which Phillips purported to grant.

31. Plaintiff also provided notice through Daniels, as Plaintiff orally requested accommodation by way of reduced hours and provided Daniels with medical documentation of restrictions recommended by her treating providers, including travel restrictions.

32. In or around September 2018, Plaintiff's condition worsened.

33. On or about September 25, 2018, when Plaintiff returned to a modified schedule, Daniels told Plaintiff that Daniels needed Plaintiff "back at 100%," and could not have Plaintiff "coming and going as [she was] doing throughout the year with these issues."

34. Following Daniels' comments, Plaintiff spoke with Jim Hoffman (Benefits Manager) and Gail Donchez (Benefits Administrator) to ask for their advice on how to proceed.

35. Plaintiff again requested FMLA/ADA leave from September through December 2018, which Phillips purported to grant, and utilized intermittent leave in December 2018.

36. On or about January 30, 2019, following the expiration of Plaintiff's FMLA leave, Daniels came to see Plaintiff for a "one-on-one" meeting.

37. Daniels began questioning Plaintiff about a number of "issues," including whether Plaintiff thought she "did the right thing" by not using PTO for a day that Plaintiff had worked from home.

38. Daniels then began questioning Plaintiff regarding whether Plaintiff had told other employees that there was "a list" of people who were going to be terminated in

February 2019.

39. Plaintiff denied ever telling anyone that there was "a list"; Plaintiff explained that she spoke with Hoffman regarding a rumor of layoffs coming in February, and that in that conversation, Plaintiff had made a joke.

40. Plaintiff then asked Daniels if this was why Daniels had been treating her so poorly since she returned from leave. Daniels then sent Plaintiff home, telling her to "think about whether [she] wanted a future [t]here."

41. The next morning, Plaintiff met with Daniels, and again denied any wrongdoing.

42. Daniels responded that she was letting Plaintiff go. Plaintiff responded to Daniels that she knew why Daniels was letting her go: that it was because Plaintiff had been out sick and had utilized FMLA, and that Plaintiff's "coming and going" was an "inconvenience."

43. Plaintiff's termination letter stated that she was terminated for "unacceptable and inappropriate conduct." Phillips also stated that Plaintiff breached confidentiality by "communicating confidential information." These reasons are false, manufactured, and pretextual.

44. Specifically, Daniels admitted that there were no layoffs scheduled for February 2019; thus, Plaintiff could not have communicated "confidential information," as there was nothing confidential to communicate.

45. In addition, while Plaintiff made a joke to Hoffman, such jokes were routine within the HR department. It also was routine and necessary for the HR department to discuss rumors of layoffs to assess how best to address them.

46. Plaintiff believes and therefore avers that Phillips' termination of her employment was a violation of the ADA due to the aforementioned conduct.

47. Plaintiff believes and therefore avers that Phillips' termination of her employment was in retaliation for her having exercised her rights under the ADA and FMLA, namely requesting and/or using leave or a reasonable accommodation, in violation of the ADA and FMLA.

48. Phillips' termination of Plaintiff's employment was in retaliation and/or discrimination for Plaintiff having exercised her FMLA rights.  See 29 U.S.C. § 2615(a), 29 C.F.R. § 825.220(c).

49. Plaintiff was treated in a different and disparate manner with regard to workplace standards than other employees.

50. Specifically, Daniels admitted that there were no layoffs scheduled for February 2019; thus, Plaintiff could not have communicated "confidential information," as there was nothing confidential to communicate.  It also was routine and necessary for the HR department to discuss rumors of layoffs to assess how best to address them.  Yet, Daniels terminated Plaintiff for these pretextual reasons.

51. Phillips was responsible and liable for the conduct of its principals, employees, and agents for subjecting Plaintiff to a discriminatory employment and work environment, and for failing to protect Plaintiff from unlawful conduct.

52. As a direct result of the hostile and antagonistic conduct by Phillips' supervisory employees, Plaintiff was deprived of her employment.

53. As a direct result of Phillips' conduct, Plaintiff has been irrevocably damaged.

54. As a direct result of Phillips' above-stated conduct, Plaintiff has suffered ongoing back-pay and front-pay losses.

55. As a direct result of Phillips' above-stated conduct, Plaintiff has suffered and continues to suffer emotional, psychological, and physical distress and humiliation.

56. As a direct result of Phillips' above-stated conduct, Plaintiff's career, professional and job opportunities have been impaired and damaged and she has suffered a loss of earnings and earning capacity.

## COUNT I
## PLAINTIFF v. PHILLIPS
## VIOLATION OF THE ADA

57. Paragraphs 1 through 56, inclusive, are incorporated by reference as if fully set forth at length herein.

58. At all times relevant herein, Plaintiff was disabled, had a record of a disability, and was regarded as and/or perceived as disabled by Phillips.

59. Plaintiff was able to perform all of the essential functions of her position with or without accommodation.

60. By reason of the conduct set forth above, Phillips intentionally, knowingly, and purposefully violated the ADA by invidiously discriminating against the qualified Plaintiff who had a disability.

61. By its actions and inactions through its agents, servants, and representatives, Phillips created, maintained, and permitted to be maintained a work environment, which was hostile to persons such as Plaintiff who have a record of or are perceived as having a disability.

62. As a direct result of Plaintiff's disability and/or request for accommodation, Phillips terminated Plaintiff's employment.

63. Phillips' aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton, and in reckless disregard of Plaintiff's rights.

## COUNT II
## PLAINTIFF v. PHILLIPS
## RETALIATION UNDER THE ADA

64. Paragraphs 1 through 63 inclusive, are incorporated by reference as if fully set forth at length herein.

65. By the acts complained of, Phillips has retaliated against Plaintiff for exercising her rights under the ADA, namely requesting and/or using leave or a reasonable accommodation, in violation of the ADA.

66. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Phillips' retaliatory practices unless and until this Court grants relief.

## COUNT III
## PLAINTIFF v. PHILLIPS
## VIOLATION OF THE FMLA

67. Paragraphs 1 through 66, inclusive, are incorporated by reference as if fully set forth at length herein.

68. Phillips' actions as set forth above constitute a violation of the Family and Medical Leave Act, including without limitation 29 U.S.C. § 2615(a), and 29 C.F.R. § 825.220(c).

69. Phillips' termination of Plaintiff's employment following her return from FMLA leave interfered with entitlements guaranteed to Plaintiff by the FMLA.

70. The willful violation of Plaintiff's rights under the Act were done in the absence of good faith and reasonable grounds and this Court must award Plaintiff liquidated damages pursuant to 29 U.S.C. §2617(a).

**COUNT IV**
**PLAINTIFF v. PHILLIPS**
<u>**VIOLATION OF THE PHRA**</u>

71. Paragraphs 1 through 70, inclusive, are incorporated by reference as if fully set forth at length herein.

72. The unlawful actions of Phillips acting as aforesaid, constitute a violation of the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 951 *et seq*. The said unlawful practices for which Phillips is liable to Plaintiff include, but are not limited to, discriminating against Plaintiff and retaliating against Plaintiff based on her disability, and for requesting and/or using leave or a reasonable accommodation.

73. As a direct result of Phillips' willful and unlawful actions in treating Plaintiff in a discriminatory manner and retaliating against her solely because of her protected conduct in violation of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

## COUNT V
## PLAINTIFF v. PHILLIPS
## RETALIATION UNDER THE PHRA

74. Paragraphs 1 through 73, inclusive, are incorporated by reference as if fully set forth at length herein.

75. By the acts complained of, Phillips has retaliated against Plaintiff for exercising her rights under the Pennsylvania Human Relations Act, in violation of said act.

76. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Phillips' retaliatory practices unless and until this Court grants relief.

## COUNT VI
## PLAINTIFF v. DANIELS
## AIDING AND ABETTING
## DISCRIMINATION AND RETALIATION UNDER THE PHRA

77. Paragraphs 1 through 76, inclusive, are incorporated by reference as if fully set forth at length herein.

78. The unlawful actions of Daniels, acting as aforesaid, constitute a violation of the Pennsylvania Human Relations Act, 43 P.S. §955(e).

79. The said unlawful practices for which Daniels is liable to Plaintiff include, but are not limited to, discriminating against and retaliating against Plaintiff based on disability, and because she requested and/or used leave or a reasonable accommodation.

80. At all relevant times herein, Daniels knew or had reason to know of the actions and inaction alleged herein and/or personally participated in some of said actions and is ultimately responsible for same, and aided and abetted the illegal conduct of Phillips.

81. Daniels, as a supervisor, is personally liable pursuant to the Pennsylvania Human Relations Act for aiding and abetting the unlawful conduct, disability-based harassment, disability-based discrimination, and retaliation set forth herein.

82. Daniels is personally liable pursuant to the Pennsylvania Human Relations Act while acting in concert with and in common purpose with Defendant Phillips for its unlawful conduct, disability-based harassment, disability-based discrimination, and retaliation set forth herein.

83. As a direct result of Daniels' willful and unlawful actions in aiding and abetting, and/or acting in concert and common purpose with Phillips, in the discrimination and retaliation set forth herein in violation of the Pennsylvania Human Relations Act, Plaintiff has sustained, severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay, and interest due thereon.

**STATEMENT OF FACTS JUSTIFYING
THE IMPOSITION OF PUNITIVE AND/OR LIQUIDATED DAMAGES**

84. Paragraphs 1 through 83 inclusive, are incorporated by reference as if fully set forth at length herein.

85. At all times relevant hereto, Phillips knew or should have known of the pattern of conduct in which its agents, servants, and representatives had engaged and in which they continued to engage.

86. At all times relevant hereto, Phillips knew or should have known that the aforesaid pattern of conduct was in violation of law and Phillips' stated policies and terms of employment.

87. Despite such knowledge, Phillips failed to adequately investigate, discipline, or discharge its agents, servants, and representatives who discriminated against Plaintiff by reason of her disability.

88. Phillips failed and refused to properly protect and support Plaintiff and in fact subjected or permitted her to be subjected to disability-based discrimination and retaliation.

89. At all times relevant hereto, Phillips acted willfully, wantonly, recklessly, maliciously, and with an outrageous disregard and indifference to the rights, safety, and well-being of Plaintiff and other employees similarly situated; by intentionally deciding to terminate Plaintiff for pretextual reasons following Plaintiff's return from FMLA leave, Phillips exhibited both willfulness and reckless disregard of Plaintiff's rights in the workplace.

90. Plaintiff therefore demands punitive and/or liquidated damages as may be provided for under the ADA and/or FMLA.

## V. **PRAYER FOR RELIEF**

91. Paragraphs 1 through 90 inclusive, are incorporated by reference as if fully set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against Phillips and Daniels and requests that this Court:

(a) Exercise jurisdiction over her claims;

(b) Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, and severe emotional trauma;

(c) Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

(d) Order Phillips and Daniels compensate Plaintiff with a rate of pay and other benefits and emoluments to employment to which she would have been entitled had she not been subject to unlawful discrimination and/or retaliation;

(e) Order Phillips and Daniels compensate Plaintiff with an award of front pay, if appropriate;

(f) Order Phillips and Daniels compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

(g) Order Phillips and Daniels pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses as allowable;

(h) Order Phillips and Daniels pay to Plaintiff pre- and post-judgment interest, costs of suit and attorney and expert witness fees as allowed by law; and

(i) The Court award such other relief as is deemed just and proper.

## VI. JURY DEMAND

Plaintiff demands trial by jury.

                                        HAHALIS & KOUNOUPIS, P.C.

                                        By:  /s/ Rebecca E. Mitchell
                                                GEORGE S. KOUNOUPIS, ESQUIRE
                                                REBECCA E. MITCHELL, ESQUIRE
                                                20 East Broad Street
                                                Bethlehem, PA  18018
                                                (610) 865-2608
                                                Attorneys for Plaintiff

Dated:  May 22, 2020